which, if the affidavit were competent evidence, I could not finally decide without hearing an argument. Nor ought such a question to be decided as upon a sort of demurrer to such evidence, without a definite understanding that the evidence on both sides concerning it is closed.

If the place of transaction of the business in this case were less distant, I would add nothing. But as the counsel on both sides may be incommoded by leaving home, I will make two remarks, one of them on the question of preference, the other on that of procuring the property to be taken in execution. The first remark is that the form of words used in conversations between a debtor and his creditor should be very little regarded where the words were not, in themselves, acts, or inducements to acts. When a debtor's commercial paper has already, with the creditor's knowledge, been protested, the effect of any conversation which follows may be determinable with more or less of reference to the frequency of other intercourse between the debtor and the creditor, and the amount of the latter's knowledge of the details of the former's business. Consanguinity may not be wholly disregarded in weighing the effect of the evidence. A circumstance which may sometimes be regarded is the subsequent continuing knowledge of the creditor, if derived from the debtor, of the movements of other creditors whom the preference may have been intended to defeat. The second remark has, in part, been anticipated in the former connection. This remark is that Mr. James H. Beck, where he deposes that the warrant of attorney of 30th July, 1867, was kept by him until 20th August, 1867, when he heard that the creditor whose note was protested had commenced suit upon it, does not state from, or through, whom, this information was obtained. If it was obtained from, or through, the bankrupt, the fact may not be unimportant.

In administering this part of the business of a case in bankruptcy, the ex parte affidavit of a witness ought not to be received, much less that of a party himself whom the act of congress of 1864 [Rev. St. § 858] makes a witness. Had Mr. James H. Beck been examined by way of deposition, and had he, after cross-examination by the counsel of the assignee, disclosed nothing more than appears in the affidavit before me, the register would probably, in taking the depositions, have asked certain questions to elicit more complete information. Every facility should be afforded to Mr. James H. Beck in obtaining a prompt adjudication of the question upon his claim of priority. The register is authorized to investigate it. His report upon it will be subject to exception. Such a report should be made as soon as the evidence on the part of Mr. Beck and the assignee shall have been fully adduced, and the question argued by counsel. If I have overlooked the intended point of the question submitted by the register, he may restate it. A statement of his own impressions upon it, or of his reasons for presenting it, would not have been out of place in the certificate which he has already furnished.

———

BECK, (BEALL v.)   See Case No. 1,161.

BECK, (BRENT v.)   See Case No. 1,835.

BECK, (HILTON v.)   See Case No. 6,509.

———

### Case No. 1,206.

#### BECK v. JONES.

[1 Cranch, C. C. 347.][1]

Circuit Court, District of Columbia. July Term, 1806.

PRACTICE—WRIT OF INQUIRY—CONTINUANCE.

If a writ of inquiry be set aside at the trial-term, the plaintiff is entitled to a continuance of the cause, until the next term at the defendant's costs.

Writ of inquiry set aside, and not guilty pleaded at the present term, when the cause was first called for trial. The cause was then postponed without either party having offered ready for trial; when called again for trial, Mr. Jones, for the plaintiff, insisted on a continuance. Mr. Swann, for the defendant, contended that the plaintiff ought to pay the costs of the postponement.

But THE COURT directed the cause to be continued at the costs of the defendant; he being in default until the present term.

———

BECK, (MURRAY v.)   See Case No. 9,957.

BECK, (PERKINS v.)   See Case No. 10,984.

———

### Case No. 1,207.

#### Ex parte BECKER.

#### In re NORTH.

[3 Cent. Law J. 495;[2] 22 Int. Rev. Rec. 266; 3 N. Y. Wkly. Dig. 60; 1 Cin. Law Bul. 165.]

District Court, D. Massachusetts. May Term, 1876.

BANKRUPTCY—COMPOSITION—CLAIM FOR BREACH OF CONTRACT—MEASURE OF DAMAGES—NON-DELIVERY OF GOODS BOUGHT FOR FOREIGN MARKET.

[The measure of damages for breach of a contract to deliver goods at Boston for shipment to a foreign market is the difference between the contract and the market price at Boston, since the contract is divisible, thus giving the consignee the right of election as to whether he would receive the goods at such foreign market or Boston.]

[In bankruptcy. In the matter of C. H. North and others. On the application of H.

———

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted from 3 Cent. Law J. 495, by permission.]